STATE of Missouri, Respondent,

v.

James A. MILES, Appellant.

No. KCD 26631.

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Douglas N. Merritt, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

Defendant appeals from a conviction of attempted burglary in the second degree entered upon a jury verdict. The trial judge sentenced defendant to the maximum term of five years imprisonment after the jury could not agree on punishment.

Defendant asserts two points of error in the trial court.

Defendant claims that the trial court erred in refusing defendant's motion to dismiss for failure to state a cause of action and that defendant's motion to dismiss at the close of the evidence should have been sustained on the ground of a variance between the charge and the proof.

The record discloses the following factual situation.

During the early morning of September 10, 1972, one Mrs. Card and her daughter, Mrs. Ridings, awakened to a sound "like somebody had taken a pair of pliers or something, using it on a doorknob" transmitted to their bedroom by an intercom system in their second-story apartment. The intercom receivers were located at the front door of the nearby store which Mrs. Card owned. Her apartment was at 3407½ Main Street, Kansas City, Missouri,

and the store door was at 3403 Main, within four doors of her apartment on the same side of the street. Mrs. Card yelled out that the intruder should "get away from the door." After the police arrived upon her call, the door was found intact and no objects appeared on the ground in the vicinity of the store. The police advised the two ladies to immediately call the police should the prowler return.

After the police left, the two ladies posted themselves as lookouts in the windows of their apartment. The ladies could view the sidewalk and street running past their store and apartment for a distance of two blocks. However, they could not view the door of the store due to an overhanging ledge.

Approximately ten minutes after the police had left, the defendant appeared at the corner of the building next to the store. With his hands in his pockets, after slowly looking up and down Main Street, defendant walked up to the front of the door and disappeared into an entryway under the overhang. Mrs. Ridings then heard, via the intercom system, "tapping going on like jimmying the door." The ladies then called the police.

When the first officer arrived at the scene, he heard the sound of "metal striking concrete." He described it as "the clang of metal." Defendant was then apprehended directly in front of 3403 Main, standing still. As the defendant was being arrested, Mrs. Card and Mrs. Ridings descended to the front door of the store. They saw pry marks and scratch marks on the door which they had never observed there before. An officer who returned to the scene of the crime after being called the first time stated that there were "numerous other pry marks quite a bit larger than I observed were on the door at this time." The same officer testified that there were pry marks on the door facing and door jam.

Defendant testified that he threw away a prying tool found in the vicinity of the store when the police arrived.

The store which Mrs. Card owned was for the sale of merchandise in the nature of guitars, eight-track tapes, stereo sets and radios.

Defendant's first claim that the information is defective is based upon a portion of the amended information which reads, "by then and there attempting to burst and break." Defendant says that an *attempt to break* is an insufficient basis for a charge of *attempted burglary*.

Defendant bases this argument upon a quotation from State v. Davis, 319 Mo. 1222, 6 S.W.2d 609, 611 (Banc 1928).

"An attempt to commit a crime may be defined as an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual consummation, and possessing, except for failure to consummate, all the elements of the substantive crime, so that, if not prevented, it would have resulted in the full consummation of the intended crime."

This quotation is verbatim from 16 Corpus Juris, p. 112. It is, in turn, a quotation from 3 American and English Encyclopedia 250 and represents the original English rule of law with respect to attempts. The cases cited in 16 Corpus Juris to support the language of the text have been examined and do not support the language or the rule. Only two cases cited by Corpus Juris in support actually mention the language quoted. A third case explicitly overrules the English definition of attempt set out above. People v. Sullivan, 173 N. Y. 122, 65 N.E. 989, 992 (1903), a case involving attempted burglary, stated:

"The question of what overt act is sufficient to constitute an attempt to commit a crime has been the subject of much discussion by both text-writers and courts, and of some conflict in the deci-

sions. In the early English cases the view seems to have been adopted that, to constitute an attempt the overt act must be the final one towards the completion of the offense, and of such a character that, unless it had been interrupted, the offense itself would have been committed. The decisions in some of these cases seem to have been based on the phraseology of the particular statutes under which the indictments were framed. This extreme doctrine has not been accepted in this country, certainly not in this state."

State v. Davis, supra, does not, as defendant suggests, adopt the language of Corpus Juris set forth above. Immediately following the above language, the court said:

"The elements of an attempt are stated in 16 Corpus Juris, p. 113, thus:

'An attempt to commit a crime consists of three elements: (1) The intention to commit the crime; (2) performance of some act toward the commission of the crime; and (3) the failure to comsummate its commission.'

The proof adduced advises us that the only debatable question is the presence of sufficient facts to demonstrate the second element. The record develops the presence of the intent to commit the crime and the failure to consummate its commission. We therefore dismiss the *first* and *third elements* of an *attempt* from further consideration. However, as there must be coincidence as to every element of the offense, the lack of one essential element demonstrates a failure to commit the crime of attempted murder. *Our sole inquiry then relates to the performance of some act upon the part of defendant toward the commission of the crime."* (Emphasis supplied.)

The majority then held that the "solicitation" of a criminal act by the defendant was not an "overt" act sufficient to constitute the second "element" of an attempt.

This holding is very limited, since the "solicitation" was to a police officer who never had any intent to commit, nor took any action toward, the criminal offense. The concurring opinion reasons that the charge laid against defendant was of being an accessory before the fact, and the failure of proof of any illegal act by the police officer destroyed any basis for a conviction of the defendant as an accessory.

Thus, the Davis case itself does not support the rule announced in Corpus Juris. It is clear from subsequent cases decided in Missouri that the narrower rule set forth in Corpus Juris and reiterated in 22 C.J.S. Criminal Law § 73, p. 224, has not been followed in Missouri. State v. Hadley, 364 S.W.2d 514 ·(Mo.1963). State v. Miller, 368 S.W.2d 353 (Mo.1963). Hadley, supra, dealing specifically with the crime of attempted burglary, demonstrates the logical fallacy of the older rule, "[a]n *entry* is necessary in the consummated crime of burglary, but *not* in that of attempted burglary; the reason is simple,—if an entry were made, the crime would be *burglary."* (364 S.W.2d 1. c. 517)

In Hadley, supra, an attempted second degree burglary case, the court had before it evidence of a broken window. Defendant here argues that because there was evidence of the broken window, the alleged necessary element of attempted breaking was satisfied in Hadley. Defendant convolutely reasons that Hadley thus inferentially supports defendant's position in this case, that an entry is necessary. Actually, the court in Hadley undertook no such strenuous reasoning. It said, 1. c. 517:

"Here, within the very words of the 'attempt' statute, § 556.150, defendant had committed an 'act toward the commission of [the] offense' and had been 'prevented or intercepted in executing the same * * *.' It would be a waste of time to pursue this point further."

 Defendant's argument that it was not possible for defendant to have perpe-

trated the burglary has no support on these facts. It has been held in Missouri that, to support an attempt conviction, there must be apparent ability to commit the crime and the crime must be apparently possible. State v. Thomas, 438 S.W.2d 441 (Mo. 1969). Defendant, in the present case, was apprehended directly in front of the store in question. He admitted that a prying tool found nearby belonged to him. The door which was pried was wooden and had on it fresh pry marks. Defendant cites no authority for his assertion that because it was not immediately possible at the time of his apprehension for defendant to have entered the store, the prosecution has failed to prove an essential element of the crime of attempted burglary. Under State v. Miller, 368 S.W.2d 353 (Mo.1963), the requirement that there be an "apparent possibility" to commit the burglary was sufficiently met in the trial court under similar facts.

Defendant's second point of appeal is that the trial court erred in overruling appellant's motion to dismiss at the close of the State's evidence because of a material variance between the pleadings and the proof.

The gist of defendant's reasoning here is, again, that since no element of entry or attempted entry was produced by the prosecution, that the proof against defendant fails. The "attempt" statute, Section 556.-150 RSMo 1969, V.A.M.S., requires that there be an "attempt to commit an offense prohibited by law," that in such attempt an "act toward the commission of such offense" shall be done, and that one "shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same . . . ." Defendant theorizes, without case support, that the element of attempted entry is necessary as part of the "act toward the commission of such offense."

 An entry is not a requisite element of the crime of attempted burglary. Intent to commit a crime, an overt act to-

wards its commission, failure of consummation, and apparent possibility of commission are the requisite elements of an attempted crime. State v. Miller, 368 S.W. 2d 353 (Mo.1963).

 Defendant, in State v. Maddox, 465 S.W.2d 607 (Mo.1971), was convicted of attempted burglary in the second degree without any evidence of breaking, entry, or attempted entry. The attempted breaking, there interrupted by the owner of the premises, was sufficient evidence of an "act toward the commission of such offense" to sustain the conviction under Section 556.150 RSMo 1969, V.A.M.S. State v. McBride, 438 S.W.2d 222 (Mo.1969), State v. Ramsey, 368 S.W.2d 413 (Mo. 1963), State v. Burton, 357 S.W.2d 927 (Mo.1962), are cases which have held that attempted breaking is sufficient to uphold a charge of attempted burglary without requiring a finding of entry. Defendant conceded in his brief that an attempted breaking had been proven.

The judgment entered on the jury verdict is affirmed.

All concur.