**STATE of Missouri, Plaintiff-Respondent,**

v.

**Clarence HUNTER, Defendant-Appellant.**

**No. WD32283.**

Missouri Court of Appeals, Western District.

Nov. 17, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 22, 1981.

Thomas L. Sodergren, Sp. Asst. Public Defender, Jefferson City, for defendant-appellant.

John Ashcroft, Atty. Gen., Rosalyn Van Heest, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Defendant, a penitentiary inmate, appeals his conviction for possession of a controlled substance in violation of § 195.240 RSMo 1978. The jury verdict imposed a sentence of four years, and the court, upon proof of prior conviction, enhanced the sentence to eight years to be served consecutively to the sentence defendant was currently serving.

Defendant presents two issues, first, that the court should have sustained a motion for acquittal and, second, that the trial court improperly limited cross examination of a witness. The conviction and sentence are affirmed.

■ Defendant is permanently confined to a wheelchair as a result of an attack upon defendant by another inmate. The defendant, because of his disability "lives" in the prison hospital. Prison officials had received information that drugs were being carried from the hospital to the recreation area of the prison in wheelchairs. As a result of that information, the guards were searching all inmates in wheelchairs going from the hospital to the recreation area.

The testimony adduced by the state was that defendant, an inmate at Missouri State Penitentiary, and another inmate were searched for drugs by Jerald Burns, a corrections officer, and James Wyrick, a lieutenant at the penitentiary. Both inmates were searched as they were leaving the prison hospital. According to the officers, they had searched defendant's person but not his wheelchair when the other inmate was brought into the room. The officers left defendant to search the other inmate, who resisted the search, and both officers were forced to bodily handle him. The officers found a syringe concealed upon the person of the other inmate. They then began to remove the arm assembly of the other inmate's wheelchair. Burns looked over to defendant and found him attempting to take his chair apart. Burns approached defendant, took the right arm assembly away from him, and searched it, finding three bags of pills. The left arm of the wheelchair was found to contain $95.00.

The pills were analyzed and found to contain dizepam, commonly known as valium.

During a three- to four-month period before this incident, defendant's wheelchair had been sent to another part of the prison for repairs. The wheelchair had been taken away from defendant a week before the search and brought back the Friday before the Monday on which he was searched. When it was brought back, however, the tire was flat and defendant did not begin using his wheelchair again until the day he was arrested.

The room in which defendant and the other inmate were searched was a fairly small room and was crowded due to the presence of a television, bathroom, and desk. At the time of the incident involving defendant, the persons in the room were Burns, Wyrick, the other inmate, defendant, and Bill Armontrout, associate warden at the penitentiary, who was observing the scuffle with the inmate. Defendant testified that there was no place in the room where he could hide and remove a part of his wheelchair and that, although he was aware of the scuffle, Burns was watching him the whole time. He stated that he did not know how the drugs came to be in his wheelchair. He did state that he was receiving valium while in the hospital.

The crux of the defendant's first claim, error in denial of the motion to acquit, is that the evidence of knowing possession of controlled substance rests upon circumstantial evidence, not inconsistent and irreconcilable with his innocence.

The claim is supported with the following argument. Defendant argues that the wheelchair in which the drugs were found had been in the recent possession of others, and therefore, someone else may have hidden the drugs. He asserts his acknowledged possession of the chair lacks the necessary proof of knowledge to show constructive possession of the drugs. Defendant further argues that the circumstance of his action in attempting to remove the arm of the wheelchair, when the officers began their search of the other inmate's chair, likewise gives rise to an inference of innocence as well as the inference that defendant knew the drugs were present in the chair. Defendant argues he may have been assisting the officers or alternatively might have belatedly realized others might have concealed contraband in the chair.

Based on an analogy to the vehicle cases, the defendant asserts that the mere presence of the drugs in the wheelchair (vehicle) does not give rise to an inference of the defendant's knowledge of the presence of contraband absent some other circumstance giving rise to an inference of such knowledge. Cited in support is *State v. West*, 559 S.W.2d 282, 284 (Mo.App.1977), which unquestionably so rules with respect to a motor vehicle.

This is a circumstantial case, and the rule as to submissibility of such a case is stated in *State v. Morgan*, 592 S.W.2d 796, 805 (Mo.banc 1980), *vacated on other grounds, modified opinion readopted at* 612 S.W.2d 1 (Mo.banc 1981):

> When the state's case rests upon circumstantial evidence, "the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt, and they must be inconsistent with his innocence and exclude every reasonable hypothesis of his innocence." *State v. Franco*, 544 S.W.2d 533, 534 (Mo. banc 1976), citing from *State v. Ramsey*, 368 S.W.2d 413, 416 (Mo.1963).

The application of this circumstantial evidence rule is realistically tempered, however, such that the circumstances need not be absolutely conclusive of guilt or demonstrate impossibility of innocence. "[T]he mere existence of other possible hypothesis is not enough to remove the case from the jury." *State v. Thomas*, 452 S.W.2d 160, 162 (Mo.1970).

*Morgan, supra,* also notes that in determining sufficiency the following rule applies:

> In determining the sufficiency of the evidence in a criminal case after the verdict of guilty, the Court accepts as true all evidence in the record tending to prove the defendant's guilt, whether such evidence is circumstantial in nature, to-

gether with favorable inferences that can be reasonably drawn therefrom and disregards all contrary evidence and inferences.

*Id.* at 805.

Certain other principles also apply in a circumstantial evidence case. Circumstantial evidence is sometimes referred to as a chain of circumstances or as a "concatenation of circumstances" in the phrase of Shangler, J., in *State v. Siraguso,* 610 S.W.2d 338, 341 (Mo.App.1980). Nonetheless, circumstantial evidence is not always "chainlike." There are cases where the absence or weakness of a link may break the chain but in other cases the whole is greater than any of the parts. When circumstances intertwine and give support each to the other, a more apt analogy is to a cable or rope in which each strand woven and twisted with the others imparts a strength greater than any strand.

Both logic and experience teach that the test of intertwined facts and circumstances, like the rope or cable, require for ultimate assessment the view of the whole with each part given its strength as it combines with others. So the cases say the circumstances shown must be "viewed as a whole and not piecemeal." *State v. Biddle,* 599 S.W.2d 182, 194 (Mo.banc 1980).

Applying these principles to the facts of the case at bar, the fallacy of the argument quickly appears. The defendant's argument is predicated upon the inferences drawn from a single fact and not from the totality of the facts and circumstances. Directing attention to the factual context, this is a case where individual facts and circumstances draw color and strength from the whole of the facts and circumstances. It must be assumed that such contraband was not available except illicitly. The defendant had access to "valium" because he "lived" in the hospital, and it was, in fact, prescribed for him. The defendant was familiar with the vehicle and knew how to remove the arm assembly readily. As is urged here, the defendant knew the arm assembly presented a hiding place for drugs. Most telling, however, is the se-

quence of events. Defendant had been body searched. The other inmate had been body searched and only when the officers began to disassemble the other inmate's chair did the defendant attempt to remove the arm assembly. Defendant says there was no place readily accessible to defendant to hide the contraband. This ignores the obvious place of concealment, the already-searched person and pockets of defendant himself. These facts, taken as a whole, suggest a strong inference of the knowledge of the defendant that the contraband drugs were present in the arm assembly of the wheelchair. The defendant undoubtedly had ready access to the hiding place, a fact which may be considered. *State v. Brickley,* 521 S.W.2d 16 (Mo.App.1975). Under the facts and circumstances shown in the evidence and under the applicable standards, a submissible case was presented. The trial court did not err in denying the motion for acquittal.

■ Defendant also claims error in the improper limitation of cross-examination. Prior to trial, the state filed a motion for an order prohibiting defense counsel from cross-examining or attempting to impeach an officer named Burns concerning his termination from employment at the Missouri State Penitentiary.

Suggestions in support of the motion assert that it would be improper to question the witness concerning specific acts tending to show the use of excessive force by Burns against prisoners. The state argued that it was improper to inquire of specific acts in order to establish a reputation for violence. The state also argued that Burns had not been convicted of a crime. The suggestions stated that the discharge of Burns was still pending upon administrative review and was therefore not final. There were no counter suggestions, and the only indication of the court's ruling is the statement by defense counsel during the trial when he sought to cross-examine the witness.

At the time the attempt was made to cross-examine the witness, counsel for the defendant approached the bench before beginning cross-examination and stated to the

court that he wanted to cross-examine the witness as to his "being discharged by the authorities at the Missouri State Penitentiary for inflicting brutality on other inmates, or on inmates, . . . ." There was no question before the court directed to the witness nor was there any other statement by counsel indicating any relevancy of the inquiry other than to show specific acts of brutality on other inmates. In the motion for new trial, the ground of error shifts to a claim that the evidence was offered to show a lack of credibility of the witness because the Department of Corrections had terminated him for acts of brutality, even though he had denied the acts. On appeal, the defendant asserts that the fact of assaults on other prisoners would have tended to show a "particular attitude against prisoners" and then expands the argument by asserting that his testimony was motivated by a desire to regain "approval and respect of his former employer." The latter ground appears for the first time in appellant's brief.

The consideration of this issue must be in the context of plain error review, as the only ground presented to the trial court and urged on appeal was not asserted in the after-trial motion.

It is beyond question that general character is not provable by specific acts. *State v. Ruhr*, 533 S.W.2d 656, 659 (Mo.App. 1976). Nor can an arrest, criminal investigation, or charge be inquired into for impeachment purposes. *State v. Smith*, 585 S.W.2d 540, 541 (Mo.App.1979).

Defendant now asserts a variety of ways in which questions could have been framed to permit inquiry of the witness. The difficulty with this is that the matter was not presented to the trial court in that posture. It was encumbent upon defendant to make a record demonstrating the relevancy of the particular inquiry intended. Even if the *a priori* ruling of the trial court might be criticized as overly broad, the record does not demonstrate manifest injustice. Burns did testify to some of the basic and almost uncontested facts, but two other officers also testified to the same effect.

The critical issue of the attempted removal of the arm of the chair did not come from Burns. The evidence from the witness who saw the defendant attempt to remove the arm of the chair was the only part of the state's case in which there was any testimony to the contrary from the defendant. In such circumstances, no relief under plain error is available to the defendant.

Affirmed.

All concur.