STATE of Missouri, Respondent,

v.

Jamie Lee CALMESE, Appellant.

No. 45048.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Sept. 15, 1983.

Application to Transfer Denied
Oct. 18, 1983.

Douglas L. Levine, Union, for appellant.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Jamie Lee Calmese guilty of second degree robbery; trial court sentenced him as a prior offender to 15 years in prison. He appeals.

Hon. Douglas Levine was appointed counsel for the indigent defendant. He aggressively represented him in pre-trial motions, at trial and on appeal. These voluntary services are a credit to the Bar.

Here, defense counsel makes four challenges: (1) Failure to instruct on stealing, (2) hearsay in permitting arresting officer to relate a radio message from police headquarters, (3) error in finding defendant was dangerous offender and (4) giving the jury the "hammer instruction".

The evidence: Insurance agent Robert Jennings had just made a collection when accosted by defendant and a companion declaring it was a holdup, one ordering him "Give me your money or I will blow your brains out." While one held his arm behind him the other took Jennings' wallet, change and watch. The robbers ran to a car, drove off and were seen by a bystander who noted their license number. Police were notified and they reported the details by radio. Within minutes patrolling officer Broughton stopped the fleeing car; inside were the items reported stolen. Victim Jennings and officer Broughton quickly identified defendant as one of the robbers. Defendant testified to an alibi.

■ For his initial point defendant challenges the court's refusal of his stealing instruction. Defendant relies on stealing cases where there was no evidence of force. But he concedes defendant's threats to "blow your brains out" showed robbery rather than mere stealing.

So it is here. As we held in *State v. Martin,* 624 S.W.2d 879 [10–12] (Mo.App. 1981):

"When there is strong and substantial proof of defendant's guilt of the offense charged, however, and the evidence does not reveal a lack of an essential element of this more serious offense, an instruction on the lesser or included offense is unnecessary."

We deny defendant's initial point and take up his hearsay challenge to arresting officer Broughton's report of the message he had received from police headquarters. In denying this the trial court explained to the jury that it was not admitted for its truth but "to explain why the officer did what he did."

■ As we held in *State v. Houston,* 607 S.W.2d 183 [3, 4] (Mo.App.1980) where defendant had challenged an arresting officer's statement, the trial court properly denied defendant's hearsay objection holding that is "subject to an exception when the statement is offered not for its truth, but rather to explain the subsequent conduct of the person testifying." Here the trial court had made clear to the jury the limited purpose of the officer's now challenged testimony. Point denied.

■ Next defendant contends the trial court erred in finding he was a "dangerous offender". We disagree.

Under Section 558.016.4(1):

"A 'dangerous offender' is one who: (1) is being sentenced for a felony during the commission of which he knowingly . . . threatened to inflict serious physical injury on another person; . . . ."

As related above the victim testified one of the robbers ordered him to "Give me your money or I'll blow your brains out." No error here.

■ We move to defendant's final contention the trial court erred in giving the so-called "hammer instruction", MAI–CR2d 1.10. By Rule 28.02(a) V.A.M.R. that instruction may be given after extended jury deliberations.

Here, after two and a half hours the jury foreman told the court only nine jurors were in agreement. After the court gave instruction MAI–CR2d 1.10 the jury deliberated another half hour and then returned the twelve-juror guilty verdict. Upon being polled, all jurors agreed.

Our re-reading of the challenged instruction shows it is not coercive. It urges open and frank discussion, tolerance and the desirability of a unanimous verdict, but cautions each juror against basing a verdict on evidence he does not believe is true.

Timing of giving the mis-named hammer instruction is discretionary. *State v. McAllister,* 468 S.W.2d 27 [6–9] (Mo.1971). Whether and when such instruction is proper is discretionary. *State v. Jenkins,* 516 S.W.2d 522 [22, 23] (Mo.App.1974). Here

the time of jury's initial and post-instruction deliberations does not show a breach of the trial court's discretion.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.