STATE of Missouri, Plaintiff-Respondent,

v.

Randall Lee SMITH, Defendant-Appellant.

No. 13691.

Missouri Court of Appeals, Southern District, Division One.

Feb. 6, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 15, 1985.

Application to Transfer Denied April 2, 1985.

John D. Ashcroft, Atty. Gen., Mary Elise Burnett, Carrie D. Francke, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Holly G. Simons, Columbia, for defendant-appellant.

TITUS, Presiding Judge.

Defendant was jury-convicted of attempted burglary in the second degree. As a prior offender he was court-sentenced to three years' imprisonment. Defendant appealed.

Near 8:30 p.m. on the day in question a college student was engaged in janitorial services at a store in a small Springfield mall when he twice heard breaking glass. Upon going outside to investigate, the student saw defendant striking a show window of a nearby appliance store with a baseball bat. A stereo-TV combination set with speakers, valued at $650 by the store owner, was then on display behind the glass defendant was breaking. An unlicensed parked automobile with an opened trunk had been backed to within a few feet of the display window. Apparently sensing the student's presence, defendant ceased his batterings, closed the car's trunk lid, tossed the bat onto the back seat of the vehicle and drove away. After telling a laundromat attendant to summon police, the student returned to the broken window to inspect the damage only to observe defendant "peek around the corner" of the store. When the student walked in defendant's direction, he saw defendant bend over, pick up something and throw "a rock or a brick, a piece of a brick" at him before again leaving the scene. The student followed and found where defendant had again parked his car and reported this to the officials who later found, confronted defendant and, after considerable difficulty, relieved him of the window-breaking bat. Defendant was then arrested. Defendant's trial testimony did not greatly vary from the foregoing except that he asseverated he had not intended to steal the stereo set from the display window he was seen breaking.

None of the three points relied on in defendant's brief on appeal were asserted by defendant at trial or in his after trial motion to the court nisi. Consequently trial court errors, if any, as now claimed by defendant must be in the context of plain error review as here urged by defendant. *State v. Hunter,* 626 S.W.2d 398, 402[2] (Mo.App.1981); Rule 29.12(b)[1].

Defendant's first point is that the trial court erred in failing to instruct on the offense of property damage in the third degree as that was a lesser included offense of attempted second degree burglary. Counsel for the state and defendant submitted instructions to the trial court, none of which contained an instruction on property damage in the third degree. Rule 28.02(b). During the instruction conference, Rule 27.02(k), the trial court advised what instructions would be given. The only verdict directing instruction was on attempted burglary in the second degree. When asked if defendant had "any other instructions to offer," defense counsel replied, "No, Your Honor."

Except in homicide cases, an appealing defendant may not fault a trial court for failing to give a lesser-offense instruction unless he specifically requested it. As defendant failed to request the instruction he now says should have been given, the trial court committed no error, plain or otherwise. *State v. Olson,* 636 S.W.2d 318, 322–323[9] (Mo. banc 1982); *State v. Wickman,* 655 S.W.2d 749–750 (Mo.App.1983). Defendant's first point is denied.

Defendant's second point on appeal is that the trial court committed plain error by giving MAI–CR2d 1.10, the so-called "hammer instruction." The point incorrectly states that such instruction was given after "the jury foreman expressed a firm conviction that no verdict could be reached." The following occurred.

11:42 a.m.—Jury retired to deliberate on verdict.

12:45 p.m.—Jury went to lunch.

1:55 p.m.—Jury resumed deliberations.

2:05 p.m.—Jury gave bailiff a slip of paper which bailiff gave to the judge. The note read: "If acquitted, could [defendant] be tried on a lesser charge, destruction of property?"

2:08 p.m.—By an agreement of counsel, the court went to the jury room and, without entering, told the jury the court could not instruct them further.

2:10 p.m.—The jury asked for the exhibits and the bailiff delivered them to the jury room when the lawyers made no objection thereto.

3:15 p.m.—The jury handed the bailiff a note which was given to the judge. The note read: "If the jury cannot agree, what happens?"

3:30 p.m.—The jury was called into the courtroom. The judge asked "without telling me which way the vote is ... tell me what your numerical vote is now." When advised "It's two to ten," the court read and then gave the jury written Instruction Number 11 which was MAI–CR2d 1.10.

3:34 p.m.—The jury retired for further deliberations.

4:00 p.m.—The jury returned to the courtroom with a verdict finding defendant guilty of attempted burglary in the second degree. At defendant's request, the court polled the jurors and each acknowledged that was his verdict.

Notes on Use 1 under MAI–CR2d 1.10 provides that said instruction "may be given, when appropriate, after extended deliberation by the jury." The note cites and quotes Rule 20.02(a) which is now Rule 28.02(a). There is no contention that the court failed to carefully follow the remaining notes to the instruction.

In this case, according to our calculations, the jury deliberated some two hours and 38 minutes before the court gave MAI–CR2d 1.10 and thereafter approximately another half hour before returning the guilty verdict. This is most similar to *State v. Calmese,* 657 S.W.2d 662, 663–

**1.** References to rules are to V.A.M.R.; references to statutes are to V.A.M.S. Defendant's counsel on appeal did not represent him in the trial court.

664[5, 6] (Mo.App.1983), where the jury deliberated two and a half hours before being given MAI–CR2d 1.10 and an additional half hour thereafter before returning a verdict. In *Calmese* the court said: "Our re-reading of the challenged instruction shows it is not coercive. It urges open and frank discussion, tolerance and the desirability of a unanimous verdict, but cautions each juror against basing a verdict on evidence he does not believe is true. Timing of giving the mis-named hammer instruction is discretionary. *State v. McAllister*, 468 S.W.2d 27[6–9] (Mo.1971). Whether and when such instruction is proper is discretionary. *State v. Jenkins*, 516 S.W.2d 522[22, 23] (Mo.App.1974). Here the time of jury's initial and post-instruction deliberations does not show a breach of the trial court's discretion."

Counsel for defendant relies principally on *State v. Wells*, 639 S.W.2d 563 (Mo. banc 1982), in support of the contentions advanced in his second point. However, counsel ignores the fact the *Wells* decision as to MAI–CR2d 1.10 was predicated principally upon the fact that such an instruction was not written, numbered and given to the jury as provided in Rule 28.02(f). *Wells* is not pertinent authority for defendant's assertions and the citation thereof is no more helpful nor appreciated than the misleading pronouncements penned in defendant's second point which is denied.

Defendant's third and final point relied on is that the trial court erred in failing to sustain his motion for a directed verdict at the close of all the evidence because the state failed to introduce sufficient evidence from which the jury could find defendant guilty of attempted burglary in the second degree as there was no evidence to indicate defendant intended to enter the store whose window he was seen breaking and commit a crime therein.

Under this point we initially note the rule that where the evidence conflicts in a criminal case, the jury's findings are conclusive. This tribunal may neither determine the credibility of witnesses nor weigh the evidence for the jury's obvious determination of facts gleaned from conflicting testimony must be accepted by this court. *State v. Danforth*, 654 S.W.2d 912, 915[1–3] (Mo.App.1983). We also observe that juries have leave to believe or disbelieve all, part or none of the testimony of any witness when considered in relation to all the facts and circumstances of the case. *State v. Lieberknecht*, 608 S.W.2d 93, 98[3] (Mo.App.1980). In addition, when reviewing the sufficiency of the evidence, albeit wholly circumstantial, this court is bound to view the evidence in the light most favorable to the state and disregard all contrary evidence and inferences. *State v. Anderson*, 671 S.W.2d 383, 384[1] (Mo.App. 1984).

In support of his point defendant relies almost exclusively upon his own testimony that he had neither backed the car within a few feet of the store window he broke nor did he have the trunk of the vehicle open. He also testified he had not seen the merchandise displayed behind the window and argues that there was no evidence he had seen the college student "prior to leaving the scene after having broken the window."

Defendant's testimony and assertions directly conflict with those of the state. As to the claim defendant had not seen the student "prior to leaving the scene," it is wholly demolished by the student's asseverations, if jury-believed, that defendant threw "a rock or a brick, a piece of a brick" at him "prior to leaving the scene" a second time. Defendant admitted breaking the window as he stood before it for some time as he repeatedly struck it with the ball bat, and the jury could easily have disbelieved that he did not see the $650 stereo unit situate but two feet from the broken window which had been so demolished as to have permitted the stereo's extraction from the store but for the student's interruption by his presence.

"A person commits the crime of burglary in the second degree when he knowingly enters unlawfully ... a building or inhabitable structure for the purpose of committing a crime therein." § 569.170–1. "A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a

substantial step towards the commission of the offense. A *'substantial step'* is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." § 564.-011–1.

As intent or purpose are states of mind there generally is no direct proof thereof. Thus, intent or purpose may be inferred from the circumstances. *State v. Carter*, 541 S.W.2d 692, 695 (Mo.App.1976). As the jury evidently found, defendant backed the automobile to within a few feet of the showcase window, extracted a ball bat from the vehicle, opened the car's trunk and commenced, by use of the bat, smashing the window glass which separated defendant from the $650 stereo set by only two feet. Such actions collectively demonstrate steps of the defendant's purpose to complete the commission of unlawfully entering the store for the purpose of stealing the stereo unit. Defendant's third point relied on is denied.

Judgment affirmed.

FLANIGAN and GREENE, JJ., concur.