**STATE of Missouri, Plaintiff–Respondent,**

v.

**Gary BUSTER, Defendant–Appellant.**

**No. 15505.**

Missouri Court of Appeals, Southern District, Division Two.

July 6, 1988.

Richard T. Martin, Pros. Atty., Ozark County, Gainesville, for plaintiff-respondent.

Don M. Henry, Henry & Henry, P.C., West Plains, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted, following non-jury trial, of the class A misdemeanor of assault in the third degree in violation of § 565.070, RSMo 1986. He was fined $150. On appeal he contends that there was no credible evidence of his guilt.

In reviewing to determine if the evidence is sufficient to support the charge, the evidence favorable to the state, including all favorable inferences drawn from the evidence is accepted as true and all evidence and inferences to the contrary are disregarded. *State v. Mitchell,* 689 S.W.2d 143, 146 (Mo.App.1985).

■ This court's function is not to weigh the evidence but to determine if there was sufficient evidence from which reasonable persons could have found defendant guilty. *State v. Norwood,* 721 S.W.2d 175, 178 (Mo.App.1986). This court neither determines the credibility of witnesses nor weighs the evidence but defers to the trier of fact. *State v. Smith,* 686 S.W.2d 43, 46 (Mo.App.1985). The trier of fact has leave to believe or disbelieve all, part or none of the testimony of any witnesses. Id.

■ The incident occurred on a parking lot in Bakersfield about 11:30 p.m. on Saturday, August 8, 1987. The victim and his girl friend said that defendant came up to the truck where the victim was sitting and struck him in the face twice for no apparent reason. There was testimony that earlier defendant and the victim had gotten in an argument over the victim's girl friend. Defendant said he had merely been talking to her when the argument ensued. She testified that defendant asked her to leave with him.

There was no dispute at trial that defendant struck the victim, only whether it was justified by self defense. Defendant testified that he struck the victim after the victim and a relative came at him with their fists "doubled up", saying they were going to "kick my ass." This was corroborated in part by other witnesses offered by defendant.

There was testimony that the parking lot was an area where young people gathered in Bakersfield and that many, if not all of those there, were drinking "moonshine". Although not further explained this court may judicially notice that in the context used, "moonshine" refers to "intoxicating liquor illicitly distilled for beverage purposes." *State v. Griffith,* 311 Mo. 630, 279 S.W. 135, 138 (1925).

Defendant specifically states in his point on appeal that there was insufficient evidence to support the conviction because the testimony of the victim and the victim's girl friend, that defendant without provocation went to the victim's truck and hit him two times in the face was "wholly unbelievable", "utterly contrary to common sense experience", and "totally impeached by the testimony of defendant" and others.

The consumption of alcohol late at night with a young woman nearby could cause the most reasonable of men to deviate from normal behavior. Under such circumstances little that a young man might do, that is physically possible, is "wholly unbelievable". "Common sense experience" indicates that he might not use common sense. Which group was telling the truth or whether parts of each witness's testimony was untrue was for the judge as the trier of fact.

That defendant struck the victim without proper cause under the circumstances here is not unbelievable or contrary to common sense. How the incident occurred was for the trial court to determine. The trial court could properly find that the striking was not justified by self defense.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.