**STATE of Missouri, Plaintiff-Respondent,**

v.

**Clifford ROWLING, Defendant-Appellant.**

No. 47828.

Missouri Court of Appeals, Eastern District, Division Four.

March 5, 1985.

Charles E. Kirksey, Jr., St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Gary L. Gardner, Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a conviction for rape, kidnapping, sodomy and attempted robbery in the first degree. Appellant was tried before a jury and sentenced by the judge to 50 years in the custody of the Department of Corrections and Human Resources. The judgment is affirmed.

Appellant contends that the trial court erred by: (1) allowing into evidence for impeachment purposes appellant's 1967 and 1968 convictions; and (2) giving the "hammer instruction," MAI–CR 1.10. Appellant also argues that the prosecution's failure to provide him with allegedly exculpatory information mandates reversal.

■ Assuming, for argument's sake, that appellant may allege error when his own counsel offers past convictions into evidence, Missouri law provides that past convictions are admissible. In *State v. Morris,* 460 S.W.2d 624, 629[3] (Mo.1970), the supreme court held that the prosecution had an absolute right to use prior convictions to impeach a witness' credibility. The trial court did not err by allowing the prosecution to exercise its absolute right under § 491.050 RSMo.1978 and *Morris.* See also *State v. Rice,* 603 S.W.2d 83 (Mo.App. 1980).

■ In appellant's second point he asserts the trial judge erred by submitting MAI–CR 1.10, the "hammer" instruction, to the jury when a note from the foreman stated that the jury had "an 11 to 1 vote for guilt on all four charges." The note was voluntary and unsolicited.

Appellant relies entirely on this court's decision in *State v. Sanders,* 552 S.W.2d 39 (Mo.App.1977). The supreme court overruled *Sanders* in *State v. Broadux,* 618 S.W.2d 649, 653 (Mo. banc 1981), a fact which this court acknowledged. *State v. Brockman,* 634 S.W.2d 575, 577[1] (Mo. App.1982).

Appellant made no attempt to distinguish *Sanders* from the later cases. He also failed to state any reason why *Sanders* applies to the facts at bar more closely than *Broadux* and *Brockman.* The point must be denied.

Appellant's third point is that the state failed to release exculpatory evidence to him as required by Rule 25.03(A)(9). Appellant did not raise this point in the trial court and requests this court to consider it as plain error. Rule 30.20.

■ The existence of the allegedly exculpatory evidence is not properly before this court because appellant attempted to

prove its existence only by affidavits appended to appellant's brief. The court may not consider affidavits presented in this manner when they were not considered by the trial court. *State v. Phillips*, 596 S.W.2d 752, 755 (Mo.App.1980) n. 1. The point is denied.

The judgment is affirmed.

SMITH, P.J., concurs.

SATZ, J., concurs in separate concurring opinion.

SATZ, Judge, concurring.

I am constrained to concur. *State v. Sanders*, 552 S.W.2d 39 (Mo.App.1977) has been overruled. However, I believe the rationale underpinning the *Sanders* decision still makes sense.

Forceful argument can be made that the elliptical and qualifying language used in the "hammer instruction," MAI–CR 2d 1.10, is innocuous and, therefore, does nothing more than tell the jury to keep deliberating as it has been. However, I believe the "hammer instruction" is aptly described, and, given this instruction, a jury can and does infer that the judge wants it to reach a decision. In the present case, as in *Sanders*, the jury informed the judge how it stood on its vote and, thus, the jury knew the judge knew the vote. Inferring from the "hammer instruction" that a decision should be reached, the jury would make the most sensible further inference that it should follow the line of least resistance; the minority should give way to the majority for the necessary unanimous verdict.

From this, I conclude defendant here was prejudiced.