**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ray Kenneth LEROY, Defendant-Appellant.**

No. 51169.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 13, 1987.

Motion for Rehearing and/or Transfer Denied Feb. 11, 1987.

J. Martin Hadican, Clayton, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Ray Kenneth Leroy appeals his conviction by a jury of first degree sexual abuse; § 566.100 RSMo 1978. He was sentenced by the court as a prior offender to a term of five years imprisonment. We affirm.

The sufficiency of the evidence is not challenged. Viewed in the light most favorable to the state, the record reveals the following facts.

Appellant's five year old daughter was hospitalized on July 25, 1984, and was diagnosed as suffering from vaginitis, right inguinal lymphandenitis, and suspected sexual abuse. The child's mother stayed with her throughout the hospitalization with the exception of appellant's stay at the hospital with the child from 2:00 p.m. on July 28, 1984, to 8:00 a.m. on July 29, 1984. Within that period of time, appellant abused his daughter by subjecting her to sexual contact.

Appellant's sole contention on appeal is that the trial court coerced the jury into reaching a verdict by: (1) instructing the jury to continue deliberations after the jury twice informed the court that they were deadlocked, and (2) issuing the "hammer instruction," MAI–CR 2d 1.10.

Appellant's trial began on November 12, 1985, in the Circuit Court of the City of St. Louis. On November 14, 1985, at the close of all the evidence, appellant entered his motion for judgment of acquittal, which was denied. The court then read instructions to the jury, and closing arguments were presented.

The record discloses the jury retired to deliberate about 11:20 a.m. Sometime prior to 8:10 p.m., more than eight hours later, the jury sent a note to the court which read, "We are of the opinion that we cannot reach a unanimous decision in this case. How do we proceed?" The court responded, "Please continue your deliberations." A few minutes later, the jury sent another note to the court which read, "We are all convinced that we cannot reach a unanimous decision in this case after exploring all the evidence. We are divided 11 to 1. How do we proceed?" The court responded, "Please continue your deliberations."

At approximately 8:10 p.m., the court met with the attorneys to review the state's motion to instruct the jury pursuant to MAI–CR 2d 1.10, the "hammer instruction." [1] Over appellant's objection, the court gave this instruction. At approximately 10:00 p.m., the jury returned a verdict finding appellant guilty of sexual abuse in the first degree.

■ We note that appellant included in the record on appeal, an executed affidavit of the trial judge. Appellant attached said affidavit to his brief. The exhibit appellant attached to his brief, however, cannot be considered on appeal.

The appellate court is limited to consideration of the evidence in the transcript. Exhibits attached to a brief may not be used to assert facts on appeal. *State v. Atkins*, 549 S.W.2d 927, 930–931 (Mo. App.1977). Consideration of the facts not in the record involves unacceptable judicial conjecture. *State v. Hatten*, 561 S.W.2d 706, 713 (Mo.App.1978).

*State v. Phillips*, 596 S.W.2d 752, fn. 1, (Mo.App.1980).

Since the affidavit is not included in the transcript or legal file, it will not be considered by this court.

We now address appellant's contention that the trial court coerced the jury into reaching a verdict, by instructing the jury to continue deliberations after the jury twice informed the court that they were deadlocked, and by issuing the "hammer instruction."

The record discloses the jury had deliberated for eight hours. The jury then sent a message to the court, indicating that they believed a decision could not be reached.

1. MAI–CR 2d 1.10 reads:

It is desirable that there be a verdict in every case. The trial of a lawsuit involves considerable time and effort, and the parties are entitled to have their rights determined once and for all in every case. The twelve jurors chosen to try this case should be as well qualified to do so as any other twelve that might hereafter be chosen. Open and frank discussion by you in your jury room of the evidence in this case may aid you in agreeing upon the facts; however, no juror should ever agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he believes to be untrue. Yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict.

 

The court instructed the jury to continue their deliberations. After a second message from the jury indicated that they could not decide the case, the court again instructed them to continue deliberations. Approximately thirty minutes later, the court issued the "hammer instruction." The jury then resumed its deliberations and about one hour later brought back a verdict of guilty.

The length of time which a jury is allowed to deliberate and the determination of whether to read MAI–CR 2d 1.10 are within the discretion of the trial court. *State v. Broadux,* 618 S.W.2d 649, 651–652 [1](Mo. banc 1981). "Being told by a juror that further deliberation would not be helpful in resolving a deadlock does not preclude the trial judge from reading the hammer instruction, and certainly does not prevent the trial judge from attempting to facilitate a verdict by giving no additional instruction and allowing further time for deliberation." *State v. Anderson,* 698 S.W.2d 849, 853 [9] (Mo. banc 1985). See *State v. Newman,* 651 S.W.2d 185, 187 (Mo.App.1983); *State v. Gardner,* 600 S.W.2d 614, 623–624 (Mo.App.1980), *cert. denied* 449 U.S. 1020, 101 S.Ct. 585, 66 L.Ed.2d 481 (1980).

Appellant relies on *State v. Mason,* 588 S.W.2d 731 (Mo.App.1979). That case is not, in our opinion, controlling here. In *Mason,* the jury was given a fifteen minute deadline to reach a verdict, with the court asserting a virtual directive to the jury to decide the case.

In the instant case, the trial court's instructions to the jury to continue deliberations does not constitute a deadline nor does it convey a sense of pressure virtually directing the jury to reach a verdict. The jury deliberated eight hours before the court gave MAI–CR 2d 1.10 and thereafter approximately one hour before returning the guilty verdict.

After a careful review of the record, we hold that the verdict of the jury was not the product of coercion.

The judgment of the trial court is affirmed.

SATZ, P.J., and CRIST, J., concur.