**131**

STATE of Missouri, Respondent,

v.

Calvin HARRIS, Appellant.

No. 53461.

Missouri Court of Appeals,
Eastern District,
Division One.

May 31, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant Calvin Harris was convicted by a jury in the St. Louis City Circuit Court of unlawful use of a weapon, RSMo § 571.030 (1986). The court sentenced defendant as a prior and persistent offender to ten years imprisonment. On appeal defendant alleges that the trial court erred in: (1) refusing to allow defense counsel to present the testimony of a witness endorsed the day of trial; and (2) reading MAI CR3d 312.10, the "hammer" instruction, after the jury had deliberated for two hours and fifteen minutes. We affirm.

On September 16, 1986, two St. Louis City police officers were patrolling the Tiffany Park and Shaw neighborhoods. As they approached the intersection of Lawrence and McCree a Cadillac with a cracked windshield and punched out trunk lock turned left in front of them. The officers followed the Cadillac onto Lawrence, activated their red roof lights, and pulled the Cadillac to the curb. As Officer Will approached the passenger side of the car he observed defendant remove a small handgun from his jacket and throw it out the car window. Officer Lachenicht retrieved the gun, a .38 caliber Colt revolver. Defendant was arrested and the driver of the car, John Todd, was issued a traffic summons for driving with a broken windshield. Officer Will testified that as the officers conveyed defendant to the police station, defendant told Officer Will that he had borrowed the gun from a friend and that he needed the gun for protection. At trial, defendant denied having possessed a gun, or throwing it out the window. Defendant also testified that the windshield on Mr. Todd's Cadillac was not broken on September 16, 1986.

In his first point, defendant alleges the trial court erred in refusing to allow the late endorsement of a witness and exclud-

ing his testimony. Defense counsel attempted to endorse Claude Tolliver the day of trial. Defense counsel argued that Tolliver would have testified that he viewed Todd's car on September 16 and 17, 1986, and that on both dates the windshield was not cracked. Apparently defense counsel had intended to call Todd, the driver of the Cadillac, as a witness to testify regarding the condition of the windshield but counsel was unable to locate Todd. The prosecutor objected. The court sustained the objection noting that the late endorsement of Tolliver would "work some unfair prejudice and surprise to the State."

Tolliver was not an endorsed witness prior to trial. Defendant has not alleged that he otherwise notified the State of his intention to call Tolliver prior to trial. Under these circumstances, a trial court has broad discretion in determining whether a witness should be permitted to testify. *State v. Bolen,* 731 S.W.3d 453, 460 (Mo. App., E.D.1987). We will only reverse for an abuse of discretion resulting in fundamental unfairness. *Id.* Tolliver's testimony would have been cumulative to that of defendant's and possibly irrelevant. Defense counsel sought to use Tolliver's testimony to show a lack of probable cause to stop Todd's car. Defense counsel intended to use this evidence to attack the officers' probable cause to stop Todd's car and thereby support his motion to suppress the police officer's testimony. Defendant does not explain how Tolliver's testimony would support his theory of innocence. We find no abuse of discretion or fundamental unfairness in the trial court's ruling.

In his second point, defendant alleges the trial court erred in reading to the jury MAI–CR3d 312.10, the "hammer" instruction. After hearing three hours of evidence the jury retired to deliberate. The jury deliberated for an hour and twenty-five minutes and informed the judge that they were deadlocked six-six. The judge instructed the jurors to continue deliberating. Fifty minutes later the foreman informed the judge that the vote stood at ten guilty and two not guilty. The judge then asked the jurors if further deliberations

would be helpful. All indicated that further deliberations would not be helpful. The judge then read MAI–CR3d 312.10 and sent the jurors back to the jury room for further deliberations. Twenty minutes later the jury returned a verdict of guilty.

The length of time which a jury is allowed to deliberate and the decision as to whether to read MAI–CR3d 312.10 are within the discretion of the trial court. *State v. Anderson,* 698 S.W.2d 849, 853 (Mo. banc 1985); *State v. Leroy,* 724 S.W.2d 277, 279 (Mo.App., E.D.1987). The fact that a jury returns a verdict shortly after the court gives the instruction does not establish coercion. *State v. Hyzer,* 729 S.W.2d 576, 578 (Mo.App., S.D.1987). Being told by the jury that further deliberation would not be helpful does not preclude the use of the instruction. *Anderson,* 698 S.W.2d at 853. After a careful review of the record, we find that the trial court did not abuse its discretion. The verdict of the jury was not the product of coercion. Point denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.