**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Ronald JAMES, Jr.,
Defendant–Appellant.**

No. 57161.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 11, 1990.

Alan Harris, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant was jury tried and convicted of cocaine possession and sentenced by the

trial court to six months imprisonment. We affirm.

The state's evidence shows that on September 28, 1988 at approximately 11:55 p.m. Officers James Connor and James Molden, while on patrol in the City of St. Louis, observed defendant's vehicle commit four traffic violations, one speeding and three involving stop signs. After defendant stopped the vehicle in the rear of 4015 Kossuth, Officer James Connor observed defendant place a cellophane object in his vehicle's ashtray. Officer Connor then ordered defendant to exit the car and after advising defendant of his rights conducted a search of the vehicle finding a cellophane package in the partially open ashtray containing a white powder. Officer Connor seized the package and advised defendant that he was further being charged with a violation of the Missouri Controlled Substance Law. During a subsequent pat down search of defendant, Officer Connor found $898 in cash in defendant's right front trouser pocket.

State's witness Mary Taylor, a criminalist for the St. Louis Metropolitan Police Department Laboratory, possessing a bachelor of science degree in chemistry, identified the contents of the cellophane package as cocaine, a schedule II, controlled substance.

■ Defendant's first point is that the trial court erred in determining that the substance tested by the state's expert was a schedule II controlled substance falling within the language of Section 195.017.-4(1)(d) RSMo 1986. Defendant admits the substance tested was cocaine but contends that the state failed to prove that the cocaine tested was the same type of cocaine listed as a schedule II controlled substance.

Cocaine exists in two isomer forms: L-cocaine which is the isomer derived from coca leaves and D-cocaine which is not. This difference is no longer significant for purposes of prosecution under § 195.017.4(1)(d) RSMo 1986 because the 1987 schedules, required by § 195.017.11

RSMo 1986 [1] published annually by the department of health, changed the definition found in § 195.017.4(1)(d) RSMo 1986 to include both types of cocaine. *State v. Greene*, 785 S.W.2d 574, 577–578 (Mo.App. 1990). Therefore by testifying that the substance she tested was cocaine, state's witness, Mary Taylor adequately identified the substance as falling within the language of § 195.017.04(1)(d) RSMo 1986.

■ Defendant further contends that in the absence of specific proof by the state the trial court may not take judicial notice of the fact that cocaine is a controlled substance included in schedule II. Missouri courts have a duty to take judicial notice of state statutes. *Bowen v. Missouri Pac. Ry.*, 118 Mo. 541, 547, 24 S.W. 436, 437 (1893); *Newsom v. City of Kansas City*, 606 S.W.2d 487, 490 (Mo.App.1980); *State v. Hutchens*, 604 S.W.2d 26, 28 (Mo. App.1980); *Bly v. Skaggs Drug Centers*, 562 S.W.2d 723, 726 (Mo.App.1978). This duty to notice a state statute exists even if there is not a specific request or specific proof offered by the parties. *State v. Kuhrts,* 571 S.W.2d 709, 714 (Mo.App. 1978).

■ In *State v. Hutchens*, 604 S.W.2d 26, 28 (Mo.App.1980), the defendant was convicted of selling cocaine and the Missouri Court of Appeals established that it was unnecessary for the state to introduce evidence of the existence of the statute. The trial court was entitled and even required to take judicial notice of the contents of Section 195.017, subsection 4(1)(d). This includes taking judicial notice that cocaine falls within schedule II. *State v. Hooker*, 713 S.W.2d 885 (Mo.App.1986). *See State v. Cannon*, 692 S.W.2d 357, 360 (Mo.App.1985) (trial court did not err in taking judicial notice of phencyclidine as a schedule III drug). Defendant's first point therefore fails.

Defendant's second point is that the trial court erred in giving instruction No. 5, the verdict director, because the instruction

---

**1.** Section 195.017.11 RSMo 1986 provides in part that "the department of health shall revise and republish the schedules semiannually for two years from September 28, 1971, and thereafter annually."

uses the word cocaine, a term defendant claims does not appear in the statutory language defining a schedule II substance. This argument is rendered moot by the alteration in the definition of § 195.017.4(1)(d) RSMo 1986 to include both types of cocaine. *State v. Greene,* 785 S.W.2d 574, 577–578 (Mo.App.1990).

 Defendant's third point asserts that the trial court abused its discretion in excluding the admission of the unpaid gas, phone and rent bills of Kindra Thompson, defendant's sister. Defendant offered these bills to explain the presence of the large amount of cash in defendant's possession at the time of his arrest ($898). Defendant did not disclose the existence of these bills or his intention to introduce these three documents into evidence. Defendant relies solely on his endorsement of Kindra Thompson as a witness, as providing sufficient notice to the state that documentary evidence would be introduced at trial.

The record shows that the state made a request for discovery which was filed November 10, 1988, and specifically asked for disclosure of any books, papers, documents, photographs or objects. Bills would certainly fall within the parameters of this request and simply endorsing a set of witnesses does not constitute an adequate compliance with this request. Thus a discovery violation occurred.

 The trial court is permitted pursuant to Supreme Court Rule 25.16 to impose the sanction of exclusion of evidence upon a party's failure to comply with the disclosure requirements of Rule 25.05. *State v. Premier Services Corp.,* 765 S.W.2d 653, 657 (Mo.App.1989). The determination of the proper remedy for a discovery violation rests within the sound discretion of the trial court. *State v. Kilgore,* 771 S.W.2d 57, 66 (Mo. banc 1989); *State v. Royal,* 610 S.W.2d 946, 951 (Mo. banc 1981). The trial court will not be deemed by this court to have abused its discretion unless there is fundamental unfairness to the defendant. *State v. Bowman,* 783 S.W.2d 506, 507 (Mo.App.1990); *State v. Watson,* 755 S.W.2d 644, 645 (Mo.App.1988); *State v.*

*Western,* 735 S.W.2d 30, 31 (Mo.App.1987). Fundamental unfairness has been defined by Missouri courts as being measured by whether the evidence or the discovery thereof would have affected the result of the trial. *State v. Kilgore, supra.*

It should be noted that the exclusion of these three utility bills did not preclude the witness, Kindra Thompson, from testifying as to the amount contained in this documentary evidence. Kindra Thompson in fact testified as to the contents of the gas, phone and rent bills and also that the money raised to pay these bills was in cash. The three excluded documents would not have affected the outcome of the defendant's trial because virtually all of the relevant evidence that was contained in the bills themselves was adduced through testimony of the witness—Thompson. There was no fundamental unfairness to the defendant. *State v. Kilgore,* 771 S.W.2d 57, 66 (Mo. banc 1989).

Judgment affirmed.

KAROHL and GRIMM, JJ., concur.