STATE of Missouri, Respondent,

v.

G.C. Emmitt KINDER, Appellant.

No. 18154.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 9, 1993.

1. Rule references are to Missouri Rules of Court (1993).

Verona, Missouri, where the business building of Wade Truck Lines, Inc., was located. The trio broke into that building and stole nine tires and three air impact wrenches with a value in excess of $150. Defendant presented an alibi defense which was disbelieved by the jury.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

A jury found Defendant guilty of second degree burglary (Count I) and stealing (Count II), both class C felonies. As a prior offender, he was sentenced by the court to concurrent three year terms of imprisonment. On appeal, Defendant contends the trial court erred by giving (1) the so-called "hammer" instruction (MAI–CR 3d 312.10) and (2) the instruction defining "reasonable doubt" (MAI–CR 3d 302.04). We affirm.

Since Defendant does not challenge the sufficiency of the evidence, only a brief summary thereof is necessary for disposition of this appeal. During the early morning hours of November 1, 1990, Defendant, his brother, and Norman Millard went to

■ Defendant's first point claims the trial court erred and abused its discretion in giving the hammer instruction because the instruction coerced the jury into finding Defendant guilty.

Relevant to this point, the record reveals that jury deliberations commenced at 7:18 p.m. after a day-long trial. The trial judge called the jury into the courtroom at 9:37 p.m. and asked for its most recent vote. The foreman announced that three votes had been taken and on each vote the jury stood 9–3 (without stating the position of the majority). At 9:40 p.m. the trial judge gave Instruction No. 16 (MAI–CR 3d 312.-10).[1]

At 9:50 p.m. the jury returned three guilty verdicts for second degree burglary, the lesser included offense of trespass, and stealing. The trial court found the verdicts to be conflicting and returned the jury to the jury room for further deliberations. At 10:05 p.m. the jury returned guilty verdicts for second degree burglary and for stealing. After polling the jury, the trial court accepted both verdicts.

Defendant claims these verdicts were coerced because the jury had been deadlocked at 9–3 on three separate votes, and ten minutes after receiving Instruction No. 16 simply returned every guilty verdict form available to it.

■ The length of time a jury is allowed to deliberate and the decision whether to give MAI–CR 3d 312.10 are within the discretion of the trial court. *State v. Parson*, 815 S.W.2d 106, 107 (Mo.App.1991).

---

1. Instruction No. 16 reads:

    You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the Court, nor should a juror agree to a verdict of guilty unless he is convinced of the defendant's guilt beyond a reasonable doubt.

*See* Notes on Use 2, MAI–CR 3d 312.10. To establish an abuse of discretion it must be shown that, based on the record of what was said and done at the time of trial, the verdict of the jury was coerced. *State v. Anderson*, 698 S.W.2d 849, 853 (Mo. banc 1985).

■■■ The fact that a jury returns a verdict shortly after the court gives the hammer instruction does not establish coercion. *Parson*, 815 S.W.2d at 107; *State v. Harris*, 751 S.W.2d 131, 132 (Mo.App.1988). The instruction itself is not coercive, as it urges frank and open discussion, tolerance, and the desirability of a unanimous verdict but cautions each juror against basing a verdict on evidence he does not believe is true. *State v. Calmese*, 657 S.W.2d 662, 663 (Mo.App.1983).

Defendant believes coercion resulted in this case because conflicting guilty verdicts were returned ten minutes after being "hammered." The fact that the jury deliberated only ten minutes is no indication their verdict was coerced. Numerous cases with similar lengths of jury deliberation have so held. *Harris*, 751 S.W.2d at 132 (verdict twenty minutes after the instruction); *State v. Smith*, 686 S.W.2d 43, 45 (Mo.App.1985) (verdict thirty minutes after the instruction); *State v. Williams*, 654 S.W.2d 292, 294 (Mo.App.1983) (verdict twenty-three minutes after the instruction).

Defendant misplaces his reliance on *State v. Sanders*, 552 S.W.2d 39 (Mo.App. 1977), where it was determined the hammer instruction coerced the jury's verdict. Even though the jury there returned a verdict ten minutes after receiving the hammer instruction, the actual issue was whether the instruction was proper when the trial court was told the jurors stood 9–3 for guilty. *Sanders* was overruled in *State v. Broadux*, 618 S.W.2d 649, 653 (Mo. banc 1981), to the extent it held the hammer instruction was coercive when the trial judge knows the position of the majority.

Defendant recognizes the limitation placed on *Sanders* by *Broadux*, but urges the instant case has additional evidence of coercion pointing to the conflicting verdicts received after the hammer instruction. Defendant claims this fact illustrates the jury failed to deliberate sufficiently to even realize that three guilty verdicts were improper under the instructions. Nothing in *Sanders* supports that proposition, nor does Defendant cite other supporting authority. In *State v. Peck*, 429 S.W.2d 247 (Mo.1968), the defendant complained of a guilty verdict rendered after eight minutes of deliberation. The Court held this fact raises no presumption the jurors failed to heed the Court's instructions since the Court read them to the jury and "[t]he amount of time to be spent in deliberation is a matter for the jury to determine." *Id.* at 252. It is not uncommon for a jury to return a verdict in improper form. When that occurs, it is the duty of the trial court to refuse to accept the same and require further deliberations until a verdict in proper form is returned. *State v. Lashley*, 667 S.W.2d 712, 715 (Mo. banc 1984), *cert. denied*, 469 U.S. 873, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984).

■■ We find the conflicting verdicts are not an indication of a coerced verdict. Fifteen minutes after the jury resumed deliberations, verdicts of guilty were returned omitting the earlier guilty verdict on trespass. Obviously, the jury simply reread Instruction No. 10.[2] Furthermore, at that time the Court polled the jury and each juror confirmed the verdicts as rendered.

Defendant further asserts the trial court failed to follow the Notes on Use 3, MAI–CR 3d 312.10 because Defendant's attorney was not allowed to object on the record to the hammer instruction outside the presence of the jury. Defendant did not raise this point in his motion for new trial. Therefore, the issue is not preserved for appellate review. *State v. Watts*, 813

**2.** The first paragraph of Instruction No. 10 reads:

As to Count I, if you do not find the defendant guilty of burglary in the second degree

as submitted in Instruction No. 9, you must consider whether he is guilty of trespass in the first degree under this instruction.

S.W.2d 940, 943 (Mo.App.1991); *see* Rule 29.11(d).

The circumstances of this case fail to demonstrate any abuse of discretion by the trial court in giving Instruction No. 16. This assignment of error has no merit.

Defendant's remaining point is that the trial court erred in giving Instruction No. 4, based on MAI–CR 3d 302.04, because the instruction erroneously defined "reasonable doubt." In *State v. Blankenship*, 830 S.W.2d 1, 13 (Mo. banc 1992), the Court rejected the same contention and said that the instruction has been repeatedly upheld. Point denied.

The judgment is affirmed.

FLANIGAN and GARRISON, JJ., concur.