STATE of Missouri, Respondent,

v.

Donald CARRIKER, Appellant.

No. ED 95020.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 14, 2011.

Stephen Ray Porter, Hannibal, MO, for
Appellant.

Chris Koster, Atty. Gen., Jamie Pamela Rasmussen, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Donald Howard Carricker ("Defendant") appeals the trial court's denial of his motion for a new trial. We affirm.

## I. BACKGROUND

Defendant was convicted on two counts of second-degree statutory sodomy. The jury deliberated for almost three hours before sending the judge a question asking, "If hung jury, will Defendant be retried?" The judge brought the jury into the courtroom and answered the question. At the same time, the judge, over Defendant's objection, *sua sponte* submitted MAI–CR 3d 312.10 ("the hammer instruction") to the jury and instructed them to resume deliberations.[1]

MAI–CR 3d 312.10, reads as follows:

You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the Court, nor should a juror agree to a verdict of guilty unless he is convinced of the defendant's guilt beyond a reasonable doubt.

The jury resumed deliberations and returned a guilty verdict on both counts approximately ten minutes after receiving the instruction. Defendant filed a motion for new trial on June 4, 2010 which was denied on June 9, 2010. This appeal follows.

## II. DISCUSSION

In his sole point on appeal, Defendant argues the trial court erred in denying his motion for a new trial based on the use of the hammer instruction. Specifically, Defendant argues that the hammer instruction was coercive and prejudicial and ultimately caused the jury to return a guilty verdict on both counts of second-degree statutory sodomy.

A trial court has the discretion to give the "hammer instruction", and may do so when either the length of deliberation or communication from the jury causes the trial court to believe that the jury is deadlocked. *State v. Fassero*, 256 S.W.3d 109, 116 (Mo. banc 2008). The giving of the hammer instruction is not alone coercive, as it encourages frank and open discussion, tolerance, and the desirability of a unanimous verdict, but cautions each juror against basing a verdict on the evidence he does not believe is true. *State v. Copple*, 51 S.W.3d 11, 14 (Mo.App. W.D.2001).

Our review of the trial court's decision to use the hammer instruction is limited to whether or not the trial court abused its discretion, resulting in coercion of the jury's verdict. *State v. Kinder*, 858 S.W.2d 838, 840 (Mo.App. S.D.1993). A verdict is coerced if, upon looking at the totality of the circumstances, the Court determines that the trial court was virtually directing the jury to reach a verdict. *State v. Griffith*, 312 S.W.3d 413, 421 (Mo. App. S.D.2010). Factors to consider include (1) the amount of time the jury deliberates before the instruction, (2) the amount of time that lapses between the

---

1. We would discourage giving the hammer instruction absent a request from either party.

reading of the instruction and the verdict, (3) whether the trial court knows numerically how the jury is split, and the position of the majority, and (4) whether the giving of the instruction conforms with the "Notes on Use." *Copple,* 51 S.W.3d at 14. None of these factors is dispositive, and "the fact that a jury returns a verdict shortly after a hammer instruction is given does not establish coercion." *Kinder,* 858 S.W.2d at 840.

In *Copple,* the Court was unable to come to a conclusion regarding the hammer instruction given due to an incomplete record of the proceeding. However, Defendant relies on *Copple* to assert that the short deliberation after the hammer instruction was given shows that his verdict was coerced. The Court in *Copple,* however, not only noted a short deliberation time after the hammer instruction was given, but also a short deliberation time before it was given, as well as the judge's knowledge of the numerical division of the jury members. In contrast, Defendant has only asserted that the short period of time between the hammer instruction and the verdict caused the jury to return a coerced verdict. The fact that a jury deliberates for only a short time does not necessarily indicate jury coercion. *State v. Harris,* 751 S.W.2d 131, 132 (Mo.App. E.D.1988). This Court has found that twenty minutes of deliberation post-hammer instruction does not rise to the level of coercion and establish abuse of discretion. *Id. See also State v. Williams,* 654 S.W.2d 292, 294 (Mo.App. S.D.1983) (a verdict reached twenty-three minutes after a hammer instruction with the Judge's knowledge of the numerical division, does not amount to coercion). In this case, the jury had been deliberating for three hours; the time between the giving of the instruction and the verdict was short; the court was unaware of the numerical split of the jurors or whether the majority favored conviction or acquittal; and the court followed the "Notes on Use." We would not encourage trial courts to give the hammer instruction *sua sponte.* While three hours of deliberation may not demonstrate a hopelessly deadlocked jury, we cannot find an abuse of discretion warranting reversal.

## III. CONCLUSION

The judgment of the trial court is affirmed.

GLENN A. NORTON and GARY M. GAERTNER, JR., JJ., concur.