MARY W. SHEFFIELD, J.
Timothy S. Friend ("Defendant") appeals his conviction for the unclassified felony of first-degree statutory sodomy. See § 566.062, RSMo Cum. Supp. (2012). Defendant's sole point alleges the trial court abused its discretion in giving Instruction No. 9, the hammer instruction, after the jury indicated it was split "11 - 1" and could not come to a unanimous verdict because, in doing so, the trial court coerced the jury into reaching a guilty verdict. Finding no merit in this contention, we affirm the judgment.
Background
The State charged that Defendant had committed first-degree statutory sodomy by having the victim, a child less than 12 years of age, place her hand on Defendant's penis. The jury heard 11 witnesses testify over two and one-half days. After closing arguments, the jury retired to deliberate at 11:44 a.m. At roughly 2:29 p.m., the trial court received a note signed by the foreperson that stated the jury was "11 - 1" and "cannot come to a unanimous verdict." After the trial court discussed the issue informally with counsel in chambers, the State requested, on the record, that the trial court instruct the jury with MAI-CR 4th 412.10, commonly referred to as "the hammer instruction." Defense counsel objected to giving the hammer instruction on the ground that "it would be coercive if, in fact, the one juror who likely is the holdout, we don't know in what direction, may feel coerced to reach some kind of a unanimous verdict." The trial court noted it was inclined to give the hammer instruction, but it would first confirm the note's accuracy.
The trial court summoned the jury back into the courtroom, confirmed the accuracy of the note with the foreperson, read the hammer instruction aloud, and provided the jury with a written copy labeled as "Instruction No. 9."[1] The jury resumed *164 deliberations at 2:54 p.m. At 3:04 p.m., the jury requested Exhibit 4, an anatomical drawing done by the victim. The court provided Exhibit 4 to the jury after agreement from both parties. At 3:14 p.m., 20 minutes after receiving the hammer instruction, the jury returned a guilty verdict. Defendant's motion for new trial included a claim that the trial court had coerced a verdict by giving Instruction No. 9 over Defendant's objection. The trial court overruled the motion for new trial and imposed a 20-year sentence in the Missouri Department of Corrections. This appeal followed.
Discussion and Decision
A trial court has the discretion to give the hammer instruction, and "may do so when either the length of deliberation or communication from the jury causes the trial court to believe that the jury is deadlocked." State v. Carriker , 342 S.W.3d 425, 426 (Mo. App. E.D. 2011). "The length of time a jury is allowed to deliberate and the decision whether to give the hammer instruction are within the discretion of the trial court." State v. Dodd , 10 S.W.3d 546, 553 (Mo. App. W.D. 1999). "In order to establish an abuse of that discretion it must be shown that, based on the record of what was said and done at the time of trial, the verdict of the jury was coerced." State v. Anderson , 698 S.W.2d 849, 853 (Mo. banc 1985). "A verdict can only be considered coerced when it appears, under the totality of the circumstances, that the trial court was virtually mandating that a verdict be reached, and by implication, it would hold the jury until such occurrence." State v. Evans , 122 S.W.3d 731, 734 (Mo. App. S.D. 2003). "In the absence of any facts that any juror capitulated to a verdict in which [he or she] did not believe, there was no error." Id. (quoting State v. Mitchell , 811 S.W.2d 809, 814 (Mo. App. E.D. 1991) ). "The fact that a jury returns a verdict shortly after the court gives the hammer instruction does not establish coercion." State v. Kinder , 858 S.W.2d 838, 840 (Mo. App. S.D. 1993). The hammer instruction itself is not coercive, as it urges frank and open discussion, tolerance, and the desirability of a unanimous verdict but cautions each juror against basing a verdict on evidence she or he does not believe is true. Id.
In determining whether a jury's verdict was coerced, appellate courts have considered several factors including: (1) the amount of time that the jury deliberates before the hammer instruction is read; (2) the amount of time that elapses between the reading of the hammer instruction and the verdict; (3) whether the trial judge knows numerically how the jury is split and the position of the majority; and (4) whether the giving of the instruction conforms with the Notes on Use. Dodd , 10 S.W.3d at 553 ; State v. Jackson , 896 S.W.2d 77, 80 (Mo. App. W.D. 1995). No one factor is dispositive as to the question of a coerced verdict. Carriker , 342 S.W.3d at 426-27. Application of these factors here reveals no abuse of discretion.
First, the amount of deliberation time before the trial court gave the instruction was two hours and forty-five minutes.[2] Other courts have found the trial *165 court was entitled to use the hammer instruction to secure continued deliberation when the jury had spent similar amounts of time deliberating pre-instruction. See Carriker , 342 S.W.3d at 427 (deliberated for three hours before the hammer instruction); Dodd , 10 S.W.3d at 553 (deliberated for two hours and forty-seven minutes before the hammer instruction); State v. Smith , 686 S.W.2d 43, 45 (Mo. App. S.D. 1985) (deliberated for two hours and thirty-eight minutes before the hammer instruction); Jackson , 896 S.W.2d at 80 (deliberated for two hours and thirty minutes before the hammer instruction). The amount of deliberation time before the hammer instruction was given in this case does not indicate that the jury's verdict was coerced.
Second, the amount of time between giving the instruction and the jury's verdict was 20 minutes. Defendant is correct to point out this time frame is relatively short, but it is only one of several non-dispositive factors and this Court has found that similar or lesser lengths of deliberation post-hammer instruction do not rise to the level of coercion and establish abuse of discretion. See Smith , 686 S.W.2d at 45 (verdict thirty minutes after the hammer instruction); State v. Williams , 654 S.W.2d 292, 294 (Mo. App. S.D. 1983) (verdict twenty-three minutes after the hammer instruction); State v. Harris , 751 S.W.2d 131, 132 (Mo. App. E.D. 1988) (verdict twenty minutes after the hammer instruction); Kinder , 858 S.W.2d at 840 (verdict ten minutes after the hammer instruction).
Third, the trial court received a note from the jury stating only that jurors stood "11 - 1" and "cannot come to a unanimous verdict." That the trial court learned of the jury's numerical division via a voluntary and unsolicited process weighs against a finding of coercion. See State v. Broadux , 618 S.W.2d 649, 652 (Mo. banc 1981) ; State v. Rowling , 687 S.W.2d 246, 247 (Mo. App. E.D. 1985). Moreover, that the trial court was not informed whether the numerical split was in favor of conviction or acquittal further supports a finding that giving the instruction was proper. See State v. Parson , 815 S.W.2d 106, 107 (Mo. App. E.D. 1991) ; State v. Morant , 758 S.W.2d 110, 119 (Mo. App. E.D. 1988).
Fourth, the record reveals, and Defendant concedes, that the trial court followed the prescribed language and Notes on Use for MAI-CR 4th 412.10.
The circumstances of this case do not indicate that the trial court used the hammer instruction to unlawfully coerce a verdict. By any reasonable view, the record does not demonstrate that the trial court used the hammer instruction to "virtually mandate" that the jury reach a verdict or that the trial court intended to hold the jury until a verdict was reached. Accordingly, the use of the instruction did not coerce the jury's verdict, and the trial court did not abuse its discretion in giving it.
Defendant argues, nevertheless, that giving the hammer instruction is inherently coercive. Defendant claims use of the hammer instruction "gives the allure that the decision is unanimous, when in reality it was coerced by the court's instruction and societal pressures." We disagree. The giving of the hammer instruction, in one form or another, has been upheld in Missouri since 1896, see Broadux , 618 S.W.2d at 651 n.3, and our courts have repeatedly held that the hammer instruction *166 itself is not coercive. See State v. Williams , 409 S.W.3d 460, 467 (Mo. App. W.D. 2013) (collecting cases). "Moreover, the hammer instruction is an MAI instruction that was promulgated and approved by the Supreme Court. Hence, this court, like the circuit court, is bound by it as surely as it is bound by Supreme Court cases and rules." Id. at 467-68 (internal quotation marks omitted).[3]
The use of the hammer instruction did not coerce the jury's verdict, and the trial court did not abuse its discretion in giving the instruction. Point 1 is denied. The trial court's judgment is affirmed.
JEFFREY W. BATES, J. - CONCURS
WILLIAM W. FRANCIS, JR., P.J. - CONCURS

The full text of Instruction No. 9, copied verbatim from MAI-CR 4th 412.10, was as follows:
You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the [c]ourt, nor should a juror agree to a verdict of guilty unless he is convinced of the defendant's guilt beyond a reasonable doubt.

"A lengthy deliberation by the jury may indicate that a hammer instruction was necessary to encourage the jury's continued deliberation and was needed to guide the jury on how to respond to a potential deadlock." State v. Snider , 535 S.W.3d 382, 390 (Mo. App. E.D. 2017).

Defendant implies a necessity to revisit the approval of MAI-CR 4th 412.10 because it "appears to only benefit the State, in that undersigned counsel is not aware of a case where, after the hammer instruction was given, the jury came back with a not guilty verdict." The paucity of reported cases discussing not guilty verdicts post-hammer instruction is unsurprising considering that, generally speaking, "the Double Jeopardy Clause bars a postacquittal appeal by the prosecution[.]" Smalis v. Pennsylvania , 476 U.S. 140, 145, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986).